IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LYNN REYNOLDS,  )
                        )
     Plaintiff,          )
                        )
     vs.                 )   Civil Action No. 14-414
                        )
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
                        )
     Defendant.          )

O R D E R

AND NOW, this 21st day of April, 2015, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 15), filed in the above-captioned matter on September 5, 2014,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10), filed in the above-captioned matter on July 9, 2014,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.  **Background**

On September 13, 2010, Plaintiff Patrick Lynn Reynolds filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Specifically, Plaintiff claimed that he became disabled on December 1, 1987, due to a back injury with chronic back pain, joint pain and numbness in the left arm and both legs, shortness of breath even with light exertion, inability to lift over five pounds without pain, inability to stand for more than 15 minutes without pain, fatigue, pain and shortness of breath walking a short way, and other health issues. (R. 11).

After being denied initially on December 13, 2010, Plaintiff sought, and obtained, a hearing on January 11, 2012, before an Administrative Law Judge ("ALJ"). (R. 24-62). An additional hearing was held before the ALJ on June 13, 2012. (R. 63-88). In a decision dated July 19, 2012, the ALJ denied Plaintiff's request for benefits. (R. 8-23). The Appeals Council declined to review the ALJ's decision on February 12, 2014. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating

that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether

the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. <u>The ALJ's Decision</u>

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 13, 2010. (R. 13). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, chronic obstructive lung disease, cervical spondylosis with disc protrusion, obesity, lower extremity peripheral neuropathy, and status post thoracic compression fracture. (R. 13). The ALJ found, further, that several of Plaintiff's other impairments, including a carotid artery aneurysm and possible stroke-related issues, did not constitute severe impairments. (R. 13-14). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except he can stand no more than one hour, cumulatively, in an eight hour day, can never climb a ladder, rope, or scaffold; can never crawl; can only occasionally balance, stoop, kneel or crouch; can only frequently reach overhead with the non-dominant arm; must use a handheld assistive device while ambulating; must avoid all exposure to unprotected heights, dangerous machinery, and like hazards; and must avoid even moderate exposure to gases, fumes, and like respiratory irritants. (R. 15-19). At Step Four, the ALJ found that Plaintiff had no past relevant work, so he moved on to Step Five. (R. 19). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as assembler, alarm monitor and document

preparer. (R. 19-20, 83-84). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 20).

IV. **Legal Analysis**

Plaintiff raises several arguments as to why he believes that the ALJ erred in formulating his RFC and in finding him to be not disabled. Although the Court need not reach each of these arguments, it does agree that remand is warranted in this case. Specifically, the Court finds that, given the evidence in the record, because the ALJ failed to address properly the issue of Plaintiff's left hand impairment, substantial evidence does not support the ALJ's formulation of Plaintiff's RFC or of the hypothetical question to the VE. Accordingly, the Court will remand the case for further consideration.

As noted above, in determining Plaintiff's RFC, the ALJ included various limitations resulting from Plaintiff's impairments, including restricting the use of his left upper extremity in overhead reaching. Plaintiff argues, however, that the ALJ failed to include—or to provide an adequate explanation as to why he decided not to include—any limitation specifically geared toward Plaintiff's ability to use his left hand. Plaintiff points out that, although the ALJ discussed Plaintiff's ability to manipulate his left upper extremity in general, he never addressed Plaintiff's ability to grasp, finger or feel with his left hand, despite evidence of such impairment in the record. (R. 17). The Court agrees generally with this argument.

Of the opinions contained in the record, the ALJ accorded the most weight to the opinion of Dr. Ashis H. Tayal, M.D., whose examination of Plaintiff (which included an MRI brain scan) detected certain left hand/finger issues. (R. 392-93). The ALJ noted in his decision that, compared to the other medical opinions, he "afford[ed] more weight to Dr. Tayal's most recent examination, as he is a specialist in neurology and has presented clinical findings regarding

6

[Plaintiff's] upper and lower extremities that are more in line with my assessment of [Plaintiff's RFC] for sedentary work with limitations involving standing, the use of his left upper extremity, and so forth. In addition, the physician had access to additional diagnostic studies and blood work that were received into the record well after [Plaintiff's] alleged onset date."[1] (R. 19). While the ALJ admittedly agreed with Dr. Tayal's findings, he failed to address sufficiently that portion of the doctor's assessment which stated, among other things, that Plaintiff had decreased strength in his left upper extremity (and perhaps increased tone), decreased fine finger movements, left-sided pronator drift, and left upper extremity hyperreflexia. (R. 392). Dr. Tayal further concluded that Plaintiff showed evidence of a chronic left hemiparesis. (R. 393). Nevertheless, as Plaintiff indicates, although the ALJ expressly included in Plaintiff's RFC a limitation that addressed Plaintiff's left upper extremity in general, he did not include any limitation concerning Plaintiff's left hand issues in the RFC or in the hypothetical question to the VE, nor did he provide any explanation as to why he chose not to do so.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate

---

[1] While the ALJ stated that, in formulating Plaintiff's RFC, he afforded "more weight" to Dr. Tayal's recent examination, he gave only "some weight" to the assessment of consulting physician Dr. Pal Muthappan, M.D., "not . . . much weight" to the evaluation of the state agency medical consultant, and "little weight" to the assessment of consultative examiner Dr. Elaine Scott, M.D. (R. 18-19).

factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

In this case, the RFC is not supported by substantial evidence because, in failing to address the question of Plaintiff's left hand impairment, it is not clear whether the ALJ chose to reject a limitation concerning Plaintiff's left hand, whether the ALJ felt that the RFC fully accounted for Plaintiff's left hand limitations, or whether the omission of a limitation concerning Plaintiff's left hand was merely unintentional. While the ALJ was by no means required to simply adopt all of the findings of Dr. Tayal, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave additional weight to this opinion in formulating Plaintiff's RFC. On the other hand, it is possible that the ALJ expected that limiting Plaintiff's overhead reaching also adequately addressed any additional left hand problems Dr. Tayal detected, but, without a specific explanation by the ALJ of his reasoning, it is not apparent to the Court whether this general limitation also accounts for any more specific left hand limitations. Therefore, remand is required to allow for further discussion

as to the rationale for not including specific left hand limitations in determining Plaintiff's RFC and in formulating the hypothetical question to the VE.

To the extent, though, that Plaintiff asks this Court to reverse the ALJ's decision and award benefits, the record simply does not allow the Court to do so. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical question to the VE regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V.     **Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record